UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELO J. MAROTTA,

    Plaintiff,

vs.

Case No. 15-cv-14295
HON. GEORGE CARAM STEEH

FORD MOTOR CO.,

    Defendant.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR ALTERATION OF JUDGMENT (DOC. 31)

Plaintiff Angelo J. Marotta sued his employer, defendant Ford Motor Company, alleging retaliation under Title VII and Michigan's Elliott-Larsen Civil Rights Act. The Court granted Ford's motion for summary judgment on March 26, 2018. (Doc. 27). Now before the Court is Marotta's "Motion for Alteration of Judgment under Fed. R. Civ. P. 59(e)." (Doc. 31). For the reasons stated below, Marotta's motion is DENIED.

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court . . . ." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). "Rule 59(e) motions serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available

- 1 -

has become available; or (3) because it is necessary to correct a clear error of law or prevent a manifest injustice." *Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues'; 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence'; and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented'." *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citing *Keweenaw Bay Indian Cmty. v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996)). "Where a moving party attempts to obtain reversal of a judgment by offering the same arguments previously presented, the 'proper vehicle for relief is an appeal' rather than a motion to alter or amend." *Keweenaw Bay Indian Cmty.*, 940 F. Supp. at 1141.

Marotta does not argue that there has been an intervening change in controlling law or that evidence not previously available has become available. He asks the Court to correct a "clear error of fact," (Doc. 31 at PageID 806), and alleges that the Court misapplied Fed. R. Civ. P. 56(c). Marotta's Rule 59(e) motion attempts to relitigate previously considered

issues and obtain a reversal of a judgment by offering the same arguments previously presented in his brief in opposition to Ford's motion for summary judgment. (Doc. 21). As such, Marotta's arguments fail. Marotta's motion for alteration of judgment is DENIED.

IT IS SO ORDERED.

Dated: April 26, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 26, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk